[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE VERDICT
INTRODUCTION
This is a personal injury action in which the jury returned a verdict awarding to the plaintiff economic damages of $28,254.73 and non-economic damages of $175,000. The defendant has moved:
 To set aside the verdict on the ground that the amount awarded for non-economic damages is excessive; or, in the alternative,
 That the court order a remittitur of non-economic damages to reduce the sum awarded therefor to "a reasonable amount." CT Page 2772
 EVIDENCE
In this case, the defendant admitted that his negligence caused the accident (the "accident") in which the plaintiff claimed to have suffered personal injuries.
 There was evidence before the jury from which it reasonably could have found that:
 The plaintiff was born on June 15, 1915, and, at the time of trial, was 84 years old;
The accident occurred on May 22, 1995;
 As a result of the accident, the plaintiff suffered injuries to her neck, left shoulder, back, face and knee;
 The injuries to the plaintiff's neck, back and shoulder are permanent;
 Following the accident, the plaintiff was hospitalized for a period of four days, a portion of which was spent in the intensive care unit;
 Before the accident, the plaintiff was a very active person who, among other things, lived independently, did her own housework, was able to lift grandchildren and gardened extensively. However, since the accident she has had to curtail her activities;
 At this time, the plaintiff can only climb the stairs in her home by getting down on all fours;
The plaintiff would benefit from surgery to her left shoulder;
 The plaintiff gets occasional cortisone injections in her left shoulder to make her more comfortable;
 The plaintiff will probably require medical treatment in the future;
 Prior to the time of trial, the plaintiff had incurred medical expenses of $22,254.73 for treatment of the injuries she suffered in the accident; and,
The plaintiff has an actuarial life expectancy of 6.6 years.
 DISCUSSION
If the jury determined that the plaintiff's actual lifespan will be equal to her actuarial life expectancy, then the award for non-economic damages would have covered the period from the date of the accident, May 22, 1995, to June 2006, slightly more than 11 years. On an annualized basis, the award of $175,000 for 11 years is $15,909. This figure does not shock the court's sense of justice as annual compensation for the pain and suffering, and the activities which the plaintiff has been forced to forego, as a result of the injuries which she suffered in the accident. Additionally, the jury could have found that the plaintiff is likely to live longer than her actuarial life expectancy, in which case the annualized figure for non-economic damages would be reduced.
 CONCLUSION
The motion to set aside the verdict, and the request that the court order a remittitur, are denied.
G. Levine, J. CT Page 2773